Public Welfare — Work Incentive Program — Matching Funds The Oklahoma Department of Public Welfare has no authority to participate in the work incentive program created by Public Law 90-248, Social Security Amendments of 1967, effective July 1, 1968. The Attorney General has considered your request of April 3, 1968, requesting an official opinion of this office. We are informed the 1967 amendments to the Social Security Act contain new provisions relating to a work incentive program which require 20% matching state funds on a mandatory basis. The effective date of the 1967 amendments was April 1, 1968, unless notification was given of a deferral of the effective date of July 1, 1968. This referral notice was given to the Secretary of Health, Education and Welfare by the Oklahoma Department of Public Welfare on March 22, 1968. The effective date may be further deferred until July 1, 1969, if a legal impediment exists under state law prohibiting the Oklahoma Department of Public Welfare from participating, effective July 1, 1968. Your question is whether or not any such legal impediment exists at this time. We deem it necessary to make a brief outline of what we believe are the pertinent provisions of Public Law90-248, Social Security Amendments of 1967. Section 204 adds, to Title IV of the Social Security Act, "Part C — WORK INCENTIVE PROGRAM FOR RECIPIENTS OF AID UNDER STATE PROGRAM APPROVED UNDER PART A." Part C consists of Section 430 to 444, inclusive. Section 432(a) provides that "The Secretary of Labor shall, in accordance with the provision of this part, establish work incentive programs" in each State. Section 435(a) provides that "Federal assistance under this part shall not exceed 80 percentum of the costs of carrying out this part." Section 444(b) amends Section 402(a) of the Social Security Act by adding thereto paragraph 19, which provides that the State plan shall provide: "(A) for prompt referral to the Secretary of Labor or his representative for participation under a work incentive program established by Part C. "(C) for arrangements to assure that there will be made a non-federal contribution to the work incentive programs established by Part C by appropriate agencies of the State or private organizations of 20 percentum of the cost of such programs, as specified in Section 435(b)." Section 443 provides that "If a non-Federal contribution of 20 percentum of the cost of the work incentive programs established by this part is not made in any State (as specified in Section 402(a)), the Secretary of Health, Education, and Welfare may withhold any action under Section 404 because of the State's failure to comply substantially with a provision required by Section 402. If the Secretary of Health, Education, and Welfare does withhold such action, he shall, after reasonable notice and opportunity for hearing to appropriate State agency or agencies, withhold any payments to be made to the State under Sections," etc. until the amount so withheld equals 20 percentum of the cost of such work incentive programs. Our study of the legislative history found in U.S. Code Congressional and Administrative News, January 20, 1968, reveals the work incentive program is a rather revolutionary approach to the unemployed parent problem in relation to aid to dependent children. The Conference Committee of the Congress of the United States recognized that the bill would require the states to take on "new and expensive tasks." See page 5325, U.S. Code. We are informed by the Oklahoma Department of Public Welfare that the financing innovation of the work incentive program is that for the first time a state does not have the opportunity to participate in this federal program and receive the federal financing by choice. To the contrary, the work incentive program is a mandatory program which gives to the Secretary of Health, Education and Welfare the statutory authority to divert other federal monies from other federal programs administered by the Secretary to the work incentive program if a state fails to match the federal funds as required by said law. Without specific legislative authorization the Oklahoma Department of Public Welfare has no authority to commit the State of Oklahoma to such a program. No such authority exists at this time and in view of the imminent sine die adjournment of the Oklahoma Legislature it is almost inconceivable that such legislation could be introduced, considered and passed within a few days time. Our review of Title 56, Oklahoma Statutes, discloses legislative authorization being granted to the Department of Public Welfare when new federal programs are offered legitimatizing state participation, and we deem it especially necessary in this instance. It is the opinion of the Attorney General the Oklahoma Department of Public Welfare has no authority to participate in the work incentive program created by Public Law 90-248, Social Security Amendments of 1967, effective July 1, 1968. (Brian H. Upp) ** OVERRULED BY OPINION NO. 68-295 (1968) **